IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY CAMPBELL,

    Plaintiff,                      No. CIV S-06-2159 DFL DAD P

    vs.

G. CAMPBELL, et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

        By order filed October 13, 2006, the court found that plaintiff is barred by 28 U.S.C. § 1915(g) from proceeding in forma pauperis. Plaintiff was therefore ordered to pay the required filing fee of $350.00 within twenty days. Plaintiff was advised that failure to comply with the order will result in a recommendation that this action be dismissed. The twenty day period has now expired, and plaintiff has not paid the filing fee.

        In a statement filed on October 23, 2006, plaintiff does not deny that he has had numerous cases dismissed as frivolous or for failure to state a claim. Plaintiff contends that he was under imminent danger of serious physical injury when he was subjected to excessive force by the defendants in June 2006. He reiterates the allegation of his complaint that he is under imminent danger of serious physical injury now because he is "unable to move his right shoulder bone." Plaintiff asserts that the bone "can be cracked" and argues that this fact "suggests" that he

1

is under imminent danger of serious physical injury. Plaintiff also argues that the damages requested in his complaint are related to the claims alleged in his complaint. Plaintiff concludes that his application to proceed in forma pauperis should not be denied because "this alters the fileing [sic] fee."

Plaintiff's logic is flawed. The fact that plaintiff believed himself to be in danger of serious physical injury in June 2006 does not establish that he is in danger of such injury now. Plaintiff's assertions that he cannot move his right shoulder bone and that the bone could be cracked do not demonstrate that plaintiff is in imminent danger of serious physical injury at the present time. The theoretical danger is speculative at best. Plaintiff has not shown that the monetary damages he seeks from the defendants would protect him from the theoretical danger he describes.

Pursuant to 28 U.S.C. § 1915(g), IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice to the filing of a paid action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 2, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
camp2159.fpf

2